Weaver, J.
(concurring in part and dissenting in part). I concur with the majority and Justice Kelly that contractual terms may be waived, including written-modification and antiwaiver clauses. I also concur that, in addition to the fact that contract terms may be waived by the parties’ written or oral agreement, waiver may be established by clear and convincing *389 evidence of an intent to waive through the parties’ course of conduct.
I disagree with the majority’s imposition of a “heightened” burden on a party who relies on a course of conduct to modify a contract that includes a written-modification or antiwaiver clause. Ante at 374. The majority’s heightened standard is not necessary, because the existing law already requires that waiver by a course of conduct must be established by clear and convincing evidence. Moreover, the majority has failed to justify why the parties’ mutual consent to contractual terms addressing waiver or modification methods deserves any greater weight than their mutual consent to any other term of the contract. As noted by Justice Kelly, the apparent purpose of this heightened standard is to make it more difficult to establish that a question of fact exists regarding the intent to waive contract terms.
I dissent separately also because I would hold that defendant’s course of conduct, as alleged by plaintiff, establishes a question of fact regarding whether defendant intended to waive the contract requirements, including the written-modification and antiwaiver clauses of the contract at issue. In light of defendant’s alleged knowledge of plaintiff’s contractually prohibited sales efforts, defendant’s silence as those efforts proceeded, as well as defendant’s acceptance of payment resulting from plaintiff’s efforts, I would allow a jury to determine whether defendant intended to waive the terms of the contract at issue. I would, therefore, affirm the decision of the Court of Appeals that set aside the summary disposition for defendant.